# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 7, 2022

Lyle W. Cayce
Clerk

No. 21-51018
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FRANCISCO LOPEZ-GARCIA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-425-1

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

Francisco Lopez-Garcia pleaded guilty to illegally reentering the United States, in violation of 8 U.S.C. § 1326(a). The district court sentenced him under § 1326(b)(2), based on the determination that his prior conviction for aggravated assault constituted a crime of violence under

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-51018

18 U.S.C. § 16(a) and was therefore an aggravated felony under 8 U.S.C. § 1101(a)(43)(F).   Lopez-Garcia contends that that his Pennsylvania aggravated assault conviction is not a crime of violence.

Because Lopez-Garcia did not object in the district court to the application of § 1326(b)(2), we review this issue for plain error only.  *See United States v. Rodriguez-Flores*, 25 F.4th 385, 387 (5th Cir. 2022).  To demonstrate plain error, a defendant has the burden of showing (1) an error (2) that is clear or obvious, (3) that affects the defendant's substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Under § 1326(b)(2) an aggravated felony is defined, in pertinent part, as "a crime of violence" punishable by at least one year of imprisonment. 8 U.S.C. § 1101(a)(43)(F).  An offense is a "crime of violence" if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 16(a).  In *Borden v. United States*, 141 S. Ct. 1817, 1834 (2021), the Supreme Court recently held that an offense that can be committed through reckless conduct does not qualify as a "violent felony" under a similar statutory definition in 18 U.S.C. § 924(e).

Lopez-Garcia argues that in light of *Borden*, his aggravated assault conviction is not a crime of violence because it can be committed recklessly and does not require the use, attempted use, or threat of physical force. However, the *Borden* Court expressly declined to address whether offenses with mental states falling between recklessness and knowledge can qualify as crimes of violence.  141 S. Ct. at 1825 n.4.  The Pennsylvania aggravated assault statute under which Lopez-Garcia was previously convicted proscribes "attempt[ing] to cause serious bodily injury to another, or caus[ing] such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life."

No. 21-51018

18 Pa. Cons. Stat. § 2702(a)(1). Because § 2702(a)(1) requires more than mere recklessness it is unclear whether it is a crime of violence, and therefore, any error by the district court was not clear or obvious. *See Puckett*, 556 U.S. at 135. Moreover, while Lopez-Garcia also asserts that § 2702(a)(1) is not a crime of violence because it can be committed by omission, we have explicitly held that "there is no valid distinction between direct and indirect force" and that "physical force extend[s] to cover those applications of force that are subtle or indirect, rather than only those embracing bodily contact." *United States v. Reyes-Contreras*, 910 F.3d 169, 182, 184 (5th Cir. 2018) (en banc) (internal quotation marks and citation omitted), *abrogated in part on other grounds by Borden*, 141 S. Ct. at 1834.

  AFFIRMED.